# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 3:98CR-140-R

ANDREW ANDERSON                                                           DEFENDANT

## MEMORANDUM AND ORDER

Defendant Andrew Anderson filed a *pro se* letter stating that he was informed by his attorney in 2007 that he was entitled to a reduction of his sentence in his "crack cocaine cases" (DN 25). He requested that the Court inform him of what he has to do to get a reduction of his sentence. By prior Order (DN 26), the Court construed Defendant's letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to the retroactive application of the 2007 and 2008 amendments to the United States Sentencing Guidelines for crack-cocaine sentences, which lowered the Sentencing Guidelines for crack-cocaine offenses. The Court also construed the letter as a motion for reduction of sentence under § 3582(c)(2) pursuant to the Sentencing Guidelines implementing the Fair Sentencing Act of 2010 (FSA), made retroactive effective November 1, 2011, which further lowered the Sentencing Guidelines for crack-cocaine offenses. The Court ordered the United States to file a response to the motion. The United States filed a response objecting to the motion (DN 28). Defendant filed no reply. This matter is ripe for consideration.

On January 11, 1999, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(a) and 846. On April 30, 1999, the Court sentenced Anderson to 210 months imprisonment. According to his Presentence Report, Anderson was held accountable for 1,567 grams of powder cocaine. His case did not involve crack-cocaine.

Under 18 U.S.C. § 3582(c)(2), a court is authorized to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. A court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) only if the guideline range applicable to the defendant was lowered as a result of an amendment listed in § 1B1.10(c)[1] of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a)(1). "[A]n amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively." *United States v. Jones*, 96 F. App'x 976, 978 (6th Cir. 2004) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994)).

The Sentencing Commission in 2007 amended the Drug Quantity Table so that crack-cocaine quantities were generally lowered by two levels.[2] The FSA further lowered the Sentencing Guidelines for crack offenses. However, Defendant was not sentenced under the guidelines for any crack-cocaine offense or for any other offense that has been subsequently lowered by the Sentencing Commission. *See United States v. Johnson*, 569 F.3d 619, 625 (6th Cir. 2009) ("Because both [defendants'] sentences were calculated based on only the

---

[1] Under § 1B1.10(c), "[a]mendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715."

[2] Effective November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table at Section 2D1.1 so that crack-cocaine quantities were generally lowered by two levels. Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack-cocaine amendment retroactive, effective March 3, 2008. On April 16, 2008, the United States Sentencing Commission promulgated Amendment 715 to the United States Sentencing Guidelines. Amendment 715 modifies the commentary to § 2D1.1 to revise the manner in which combined offense levels are determined in cases involving crack-cocaine and one or more other controlled substance. *Id.* The amendment additionally expanded the listing in § 1B1.10(c) to include Amendment 715 as an amendment that may be applied retroactively pursuant to 28 U.S.C. § 994(u).

2

powder-cocaine offense levels, the district court correctly found that it was not authorized to reduce their sentences under § 3582(c)(2)."); U.S.S.G. § 1B1.10(a)(2)(A) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–(A) None of the amendments listed in subsection (c) is applicable to the defendant; . . . ."). Accordingly,

**IT IS ORDERED** that Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (DN 25) is **DENIED**.

Date:

cc: Defendant Andrew Anderson, *pro se*
United States Attorney
4413.010